IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| HCR, INC., an Oklahoma corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-10-323-KEW |
| KATHLEEN SEBELIUS, Secretary of United States Department of Health and Human Services, | ) ) ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter comes before this Court on Defendant's Motion to Alter or Amend the Judgment (Docket Entry #26). Without belaboring the record with an extensive recitation of the numerous relevant facts in this case, this Court granted Plaintiff's summary judgment motion on September 29, 2011. In so doing, Plaintiff was granted the following relief: (1) the regulation found at 42 C.F.R. § 418.309(b) under which Plaintiff's reimbursement amount was calculated by Defendant was found to be invalid on its face; (2) Defendant's calculation of Plaintiff's cap and reimbursement liability made for the fiscal year ending October 31, 2008 was vacated; (3) the matter was remanded to Defendant for the purpose of recalculating the reimbursement amount and issuing a new Demand for Reimbursement to Plaintiff in accordance with the proportional calculation provided by 42 U.S.C. § 1395f(i)(2)(C). However, the Court determined that the amount assessed by Defendant could not exceed Plaintiff's calculation of $416,636.37 plus interest since

Defendant did not object to that amount in the summary judgment process; (4) Defendant was hereby permanently enjoined from enforcing the application of 42 C.F.R. § 418.309(b) against Plaintiff at any time in the future;(5) Defendant was enjoined from charging interest on the reimbursement amount until such time as Defendant issues a new Demand for Reimbursement;(6) all payments made by Plaintiff under the invalid calculation was ordered to be applied to the new calculation; and (7) Plaintiff would be required to file a separate motion for attorney's fees and costs associated with this action.

Defendant's sole request in her Motion is to vacate that portion of the Opinion and Order which limited her calculation of Plaintiff's cap and reimbursement liability for the fiscal year ending October 31, 2008 to $416,636.37 plus interest. Defendant contends no other court has placed this type of restriction on the government on remand. Further, Defendant contends Plaintiff never requested this portion of the relief granted - a limitation upon the repayment calculation. Defendant also states that she would have been forced to introduce extra-record evidence in this administrative review proceeding in order to combat Plaintiff's calculation. Defendant asserts that she implicitly opposed Plaintiff's calculation by challenging its methodology.

A review of the briefing on summary judgment reveals that Plaintiff did not request the limitation on the calculation imposed

by the Court. Based solely upon this fact and none of the other bases for altering the order proffered by Defendant, the limitation in the calculation shall be vacated.

IT IS THEREFORE ORDERED that Defendant's Motion to Alter or Amend the Judgment (Docket Entry #26) is hereby **GRANTED**. Accordingly, the Opinion and Order entered September 29, 2011 is hereby **ALTERED AND AMENDED** to vacate the portion of the opinion which limits Defendant on remand to a specific money amount. The remainder of the Opinion and Order remains in full force and effect.

IT IS SO ORDERED this 18th day of June, 2012.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE